RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 06a0264p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 05-2247

BERNARD WHITTINGTON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 04-20033—David M. Lawson, District Judge.

Argued: June 20, 2006,

Decided and Filed: July 28, 2006

Before: SUHRHEINRICH and GRIFFIN, Circuit Judges; SPIEGEL, District Judge.[*]

_____

## COUNSEL

**ARGUED:** David A. Koelzer, FEDERAL DEFENDER'S OFFICE, Flint, Michigan, for Appellant. Michael Hluchaniuk, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee. **ON BRIEF:** David A. Koelzer, FEDERAL DEFENDER'S OFFICE, Flint, Michigan, for Appellant. Michael Hluchaniuk, ASSISTANT UNITED STATES ATTORNEY, Bay City, Michigan, for Appellee.

_____

## OPINION

_____

SUHRHEINRICH, Circuit Judge. Defendant-Appellant Bernard Whittington was convicted of conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). He appeals the district court's denial of his motion in limine to exclude evidence that Whittington was found in possession of large amounts of cash and a cell phone on two separate occasions. For the reasons that follow, we **AFFIRM**.

_____

[*] The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation.

1

**I.**

Two police informants, one of whom acted pursuant to a controlled "buy bust," purchased crack cocaine from co-defendant Ralph Simmons. Both informants indicated that Whittington acted as Simmons' liaison when they arrived at Simmons' residence.

A grand jury indicted Simmons and Whittington for conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); for distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii); and for possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).

The prosecution notified Whittington that it intended to call as witnesses Officer Richard Riebschleger and Detective Mark Walker. Officer Riebschleger, who was Whittington's parole officer, was prepared to testify that on July 25, 2003, he discovered more than $500 cash and a cell phone on Whittington's person. Similarly, Detective Walker was prepared to testify that on January 30, 2004, he encountered Whittington and found him to be in possession of a cell phone and $600 cash. Officer Riebschleger would also testify that Whittington was unemployed at those times. Along with the opinion testimony of Detective Michael Winters that drug dealers commonly carry large amounts of cash and cell phones, the prosecution intended to use the evidence as further proof that Whittington was in fact dealing drugs.

Prior to trial, Whittington filed a motion in limine to exclude the testimony of Officer Riebschleger and Detective Walker. He argued that the evidence was either irrelevant under Fed. R. Evid. 401, or, if relevant, that the risk of unfair prejudice from the revelation that Whittington was a parolee substantially outweighed its probative value under Rule 403. The district court denied the motion on the record. However, out of concern that evidence regarding Whittington's parole might prejudice the jury, the district court instructed the prosecutor to tailor his examination of Officer Riebschleger accordingly. The prosecutor did so to the satisfaction of the court.[1]

The jury found Whittington guilty of conspiracy to distribute less than fifty grams but more than five grams of cocaine base, but found him not guilty of the possession and distribution charges. The district court sentenced Whittington to a term of imprisonment of 150 months, to be served consecutive to an unexpired state sentence.

This timely appeal followed.

**II.**

The sole issue on appeal is whether the district court erred in denying Whittington's motion in limine to exclude the testimony of Officer Riebschleger and Detective Walker.

This Court reviews determinations as to relevance and unfair prejudice for abuse of discretion. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 587 (6th Cir. 1994). An abuse of discretion exists where the reviewing court is firmly convinced that a mistake has been made. *United States v. Williams*, 952 F.2d 1504, 1518 (6th Cir. 1991). Further, "[a]n erroneous admission of evidence that does not affect the 'substantial rights' of a party is considered harmless, and should be disregarded." *United States v. Cope*, 312 F.3d 757, 775 (6th Cir. 2002) (quoting *Gibson v. United States*, 271 F.3d 247, 254 (6th Cir. 2001)).

---

[1] For example, the prosecutor asked Officer Riebschleger about his employment in a "law enforcement related capacity" and about his "periodic contact" with Whittington during the period at issue.

**A.**

The standard for relevancy is "extremely liberal." *Douglass v. Eaton Corp.*, 956 F.2d 1339, 1344 (6th Cir. 1992). "'[E]vidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence' is relevant." *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting Fed. R. Evid. 401). "'[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered, it may not exclude the evidence if it has the slightest probative worth.'" *DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 475 (6th Cir. 1996) (quoting *Douglass*, 956 F.2d at 1344).

Under this standard, the testimony of Officer Riebschleger and Detective Walker was relevant. The government laid a proper foundation for the testimony's relevance with the opinion testimony of Detective Winters. Detective Winters testified that crack cocaine is generally a cash business, and that cellular phones are commonly associated with drug trafficking. Thus, Officer Riebschleger's and Detective Walker's later testimony that they separately discovered between $500 and $600 cash and a cell phone on Whittington's person made it at least slightly more probable that Whittington was involved in the sale and distribution of crack cocaine. This is especially true in light of Officer Riebschleger's further testimony that Whittington was known to have been unemployed at time of those encounters. While the testimony at issue would have been insufficient by itself to prove a conspiracy to distribute crack cocaine, the district court correctly noted that "the relevance threshold is very low under Rule 401. And . . . the government is permitted to build an incremental case. And simply because the evidence may not prove the crime or prove this crime does not mean, necessarily, that the evidence is irrelevant." We conclude that the district court did not abuse its discretion in concluding that the testimony was relevant for purposes of Rule 401.

**B.**

Relevant evidence "may be excluded if its probative value is *substantially* outweighed by the danger of *unfair* prejudice." Fed. R. Evid. 403 (emphases added). "'"Unfair prejudice" . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (quoting Fed. R. Evid. 403, advisory committee note). "'In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to its proponent, giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *Black*, 15 F.3d at 587 (quoting *Laney v. Celotex Corp.*, 901 F.2d 1319, 1320-21 (6th Cir. 1990)).

In the district court, Whittington argued that the unfair prejudice would arise from the witnesses' references to Whittington's status as a parolee. The prosecutor placated those concerns in the phrasing of his questions to the satisfaction of the district court. On appeal, Whittington argues for the first time that the testimony unfairly prejudiced him in two ways. First, the jury may have convicted him on an improper basis. Second, in the absence of this evidence, the jury may have found him guilty of conspiracy to distribute a lesser amount of cocaine base or even acquitted altogether. There is no merit to either.

As to the first, evidence of cash and cellular phone possession has no tendency to inflame the passions of the jury. In *United States v. Rey*, 923 F.2d 1217 (6th Cir. 1991), the defendant challenged as unfairly prejudicial the admission of evidence of, among other things, a mobile phone, beeper, and answering machine. *Id.* at 1221-22. This Court concluded the evidence was "not of a type to inflame the jury" and accordingly affirmed the district court's decision to admit it. *Id.* at 1222. Like the challenged evidence in *Rey*, cash and a cellular phone are "neutral items . . . not likely to suggest a decision on an improper basis to a jury." *Id.* Thus, we conclude that the

admission of Officer Riebschleger's and Detective Walker's testimony did not cause the jury to convict Whittington on an improper basis.

As to Whittington's other claim of prejudice, it is unclear how the testimony at issue led to a conviction of a greater amount of cocaine base in light of the fact that the jury found Whittington not guilty on the charge of actual distribution. Had the jury been convinced that the amount of cash was from the sale of crack cocaine, it presumably would have found him guilty on the distribution charge as well. Instead, it seems the jury believed Whittington *conspired* to distribute more than five grams, but never actually distributed. *See United States v. Campbell*, 317 F.3d 597, 602 (6th Cir. 2003) (stating that a defendant may be convicted of drug conspiracy without having distributed drugs). Moreover, other evidence, construed in a light most favorable to the guilty verdict, *see United States v. Palomino*, 100 F.3d 446, 451 (6th Cir. 1996), established that Whittington had conspired to distribute more than five grams of crack cocaine. Robert Wegener testified that on "at least" five or ten occasions, he had purchased crack cocaine from Simmons through Whittington, spending $50-100 each time. Wegener further testified that $50 would have bought approximately 1.5 grams, while $100 would have bought about 2 grams. Five-to-ten purchases of $50-100, then, would have yielded much more than five grams.

Because Officer Riebschleger's and Detective Walker's testimony did not cause the jury to convict on an improper basis, and because the testimony did not result in a conviction for a greater amount of cocaine base, we conclude that the admission of their testimony was not an abuse of discretion.

In any event, any error did not affect Whittington's substantial rights and thus would not be reversible error. *See Cope*, 312 F.3d at 775. An error affects a defendant's substantial rights if it is likely to have had any substantial effect on his conviction. *See United States v. Gibbs*, 182 F.3d 408, 430 (6th Cir. 1999). Here, two witnesses testified that they had purchased crack cocaine from Whittington at Simmons' house on multiple occasions. Their testimony alone is sufficient to sustain the jury verdict. *Cf. id.* at 421 (stating that a crime of conspiracy requires proof that the defendant "'was aware of the object of the conspiracy and that he voluntarily associated himself with it to further its objectives'" (quoting *United States v. Hodges*, 935 F.2d 766, 772 (6th Cir. 1991))).

## III.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.