NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0619n.06

Case No. 13-3963

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 13, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF |
| RICHARD TREPANIER, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | MEMORANDUM |
| | ) | OPINION |

BEFORE: MOORE and McKEAGUE, Circuit Judges; and STAFFORD, District Judge.[*]

**McKEAGUE, Circuit Judge.** Defendant Richard Trepanier was found guilty by a jury of receiving child pornography and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4). On August 15, 2013, he was sentenced to prison terms of 168 months and 120 months, to be served concurrently, followed by a ten-year period of supervised release. On appeal, he contends the trial court erred in several evidentiary rulings during trial and in failing to make findings justifying certain conditions of supervised release. Finding no error warranting relief, we affirm.

---

[*]Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

## I. Evidentiary Issues

Defendant Trepanier did not testify or present any other proofs in trial. His defense consisted essentially of counsel's argument that the government did not carry its burden of proving beyond a reasonable doubt that *he* had received or possessed the images of child pornography found on the personal computer in his home. Indeed, the proofs showed that, although Trepanier was the principal user of the computer, other family members—namely his wife and teen-aged daughter—also had access. In order to link Trepanier to the images, the government was allowed, over Trepanier's objection, to introduce evidence of certain other acts by Trepanier. Trepanier contends on appeal that the admission of the evidence was reversible error.

We review the district court's evidentiary rulings for abuse of discretion. *United States v. Yu Qin*, 688 F.3d 257, 261 (6th Cir. 2012). An abuse of discretion will be found only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Id.* (quoting *United States v. Jenkins*, 345 F.3d 928, 936 (6th Cir. 2003)).

### A. *Article 15 Proceedings*

First, Trepanier challenges the admission of evidence that he was subject to Article 15 nonjudicial disciplinary proceedings while in the United States Army in 1999. The evidence consisted of the testimony of two witnesses involved in the investigation of Trepanier's suspected possession of child pornography. The district court denied Trepanier's pretrial motion in limine, holding the evidence was admissible under Fed. R. Evid. 414. Rule 414(a) allows, in a prosecution for "child molestation"—the definition of which includes receipt and possession of child pornography—admission of evidence of prior acts of child molestation by the accused for

any relevant purpose. Fed. R. Evid. 414(a); *United States v. Seymour*, 468 F.3d 378, 385 (6th Cir. 2006).

Trepanier does not challenge this rationale on appeal, but maintains the evidence should have been excluded under Fed. R. Evid. 403 because its probative value was substantially outweighed by the danger of unfair prejudice. He contends the probative value of the evidence was limited because it involved conduct some nine years prior to the charged offenses; and the evidence was highly prejudicial because jurors were likely to be offended by the notion of a soldier engaging in such activity. We are not persuaded.

Rule 414(a) reflects congressional recognition that prior acts of sexual misconduct involving children, including possession of child pornography, are probative to show an offender's propensity for committing a similar charged offense. *Seymour*, 468 F.3d at 385. The greater the similarity of the prior acts to the charged offense, the greater the probative value. *Id.* Here, the evidence of Trepanier's prior experience with electronic images of child pornography was certainly probative to show that he, as opposed to his wife or daughter, was the user of the home computer who had accessed the images of child pornography found there.

To be sure, such probative evidence was prejudicial to Trepanier's defense, but not unfairly so. If the fact that Trepanier was in the Army at the time of the prior misconduct prejudiced him in the eyes of the jurors at all, the effect could not have so substantially outweighed the legitimate probative value of the evidence as to render the evidence inadmissible under Rule 403. *See id.* at 386 ("In reviewing challenges to evidence based on Rule 403, we must give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." (internal quotation marks omitted)). The district court did not abuse its discretion in allowing the evidence.

## B. *Instant Messaging Communications*

Trepanier also contends the district court erred by allowing the government to introduce evidence of his participation in certain instant messaging conversations or "chats" recovered from Trepanier's home computer. The messaging ascribed to Trepanier indicated that he had sexually molested his 13-year-old daughter. Trepanier contends the evidence should not have been admitted because there is no evidence that he ever actually molested his daughter. He argues the evidence that he represented that he engaged in such otherwise unsubstantiated misconduct was inflammatory and unfairly prejudicial.

The government contends in response that Trepanier's present arguments were not specifically raised below and that the admissibility of the evidence can be scrutinized on these grounds only for plain error. *See Seymour*, 468 F.3d at 384 ("If a defendant does not state 'the specific ground' for his evidentiary objection, and that ground 'is not apparent from the context,' we review a newly raised objection under the plain-error standard."). We may grant relief for "plain error" only upon a showing of an obvious error that adversely affected defendant's substantial rights and impugned the fairness, integrity or public reputation of the proceedings. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008). The error must have been so plain that the trial judge would be deemed "derelict in countenancing it." *Id.*

The government also contends the evidence of these communications was not introduced to show propensity under Rule 414(a). Rather, it was introduced to identify Trepanier as the author of the communications, who was otherwise expressly identified in the messaging only as "wingman66." By virtue of the nature of the sexual contact discussed in the communications, it was evident that wingman66, among the three users of the computer, was not Trepanier's daughter, nor his daughter's mother, but his daughter's male parent. Wingman66 is also the

name under which child pornography images recovered from the computer had been exchanged. These images were the basis for the prosecution. Thus, the government contends, evidence of chats indicating that defendant Trepanier is "wingman66" was highly probative and integral to the prosecution's case.

The government's arguments are well taken. First, Trepanier's pretrial motion in limine raised several objections to various types of evidence, but did not assert the specific grounds now raised on appeal. Because the trial court was not asked to rule on these objections in the first instance, we may grant relief only upon a showing of plain error, a standard difficult to meet, "as it should be." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 n.9 (2004)).

Second, the subject instant messaging evidence, tending to identify "wingman66" as Trepanier, was intrinsic to, or inextricably intertwined with, evidence of the crimes charged. It was highly probative of an essential and contested element of the prosecution's case, i.e., whether Trepanier—as opposed to one of the other home computer users—had knowledge of and had received and possessed the images associated with wingman66 communications. As intrinsic evidence, the evidence did not need to pass muster as admissible "other acts" evidence. *See United States v. Gonzalez*, 501 F.3d 630, 638-39 (6th Cir. 2007) (recognizing that intrinsic evidence is not subject to Rule 404(b)). The communications were not introduced for the purpose of showing that Trepanier had in fact molested his daughter in order to show his propensity to commit the charged offenses. Rather, they were introduced to show that his daughter's father, Trepanier, was "wingman66."

The evidence would not be admissible under Rule 403, however, if the risk of unfair prejudice substantially outweighed its probative value. To the extent the instant messaging

communications suggested that Trepanier molested his daughter, they undeniably bore potential for unfair prejudice. Yet, as we review the evidence in context, maximizing, as we must, its probative value and minimizing its prejudicial effect, *see Seymour*, 468 F.3d at 386, we cannot say that the latter substantially outweighed the former. Nor has Trepanier demonstrated that admission of the evidence was so plainly erroneous and his substantial rights so adversely affected—notwithstanding his failure to object in trial—that the trial judge should be deemed derelict and the outcome of the trial deemed unfair. We therefore reject Trepanier's second claim of error as well.

## C. *Computer Desktop Image*

During trial, the government introduced evidence, through testimony of Trepanier's wife and daughter, of the desktop image that appeared when the home computer monitor was turned on. They described the desktop background as displaying ribbons, pins and rank insignia that Trepanier was awarded during his military career. The evidence was introduced, says the government, to show that Trepanier was the primary user of the home computer. Trepanier contends the evidence was unfairly prejudicial because it reminded the jury that he was a former soldier. The evidence played a minor role in the trial, but was certainly relevant and probative, and Trepanier has failed to show how it could be deemed to have resulted in unfair prejudice. The district court did not abuse its discretion in admitting the evidence.

## D. *Recognizing Government's Expert*

In presenting the prosecution's case, the government called Ervin Burnham to testify as an expert in computer forensic examinations. After Burnham testified to his substantial qualifications, the Assistant U. S. Attorney asked the court to "recognize Mr. Burnham as an expert in computer forensic examinations." When Trepanier's counsel responded that he had no

objection, the court said simply, "He will be." This, Trepanier now argues, was an improper endorsement of the government's witness and reversible error. Trepanier acknowledges that because he made no objection below, we review only for plain error.

Citing *United States v. Johnson*, 488 F.3d 690 (6th Cir. 2007), and *United States v. King*, 339 F. App'x 604 (6th Cir. 2009), Trepanier contends the district court's identification of the government's witness as an expert in front of the jury was error. Indeed, in both *Johnson*, 488 F.3d at 697–98, and *King*, 339 F. App'x at 610–11, we recognized that when a witness is tendered to give opinion testimony under Fed. R. Evid. 702, the better practice is for the court to avoid declaring or certifying the witness as an "expert." In neither case, however, did we find that the trial court committed error in explicitly designating a witness as an expert. Rather, in *Johnson*, the trial court was held not to have committed plain error, and in *King*, "any error" was deemed harmless.

Here, consistent with *Johnson* and *King*, we find no reversible error. The district court's simple three-word response to the government's unopposed request that Burnham be recognized as an expert was relatively innocuous. The court did not "declare" or "certify" or even refer to Burnham as an expert. The court's response cannot reasonably be deemed to have "endorsed" the witness or unfairly bolstered his credibility in the eyes of the jury. We are not persuaded that Trepanier's substantial rights were prejudiced or that the fairness of the trial was compromised.

## II.  Sentencing Error

Finally, Trepanier contends the district court erred when it imposed certain conditions of supervised release without sufficiently explaining the rationale. Specifically, he objects to the following conditions:

> The defendant shall be prohibited from loitering where minors congregate, such as playgrounds, arcades, amusement parks, recreation parks, sporting events, shopping malls, swimming pools, etc.

> The defendant shall not possess or view pornography of any kind.

R. 58, Judgment at 4, Page ID 263. Trepanier contends the sentence is procedurally unreasonable because the court did not explain, with reference to the factors set forth at 18 U.S.C. § 3553(a), as required by 18 U.S.C. § 3583(c), why such restrictions were deemed necessary.

In determining whether the sentence was marred by procedural unreasonableness, we review for abuse of discretion. *United States v. Zobel*, 696 F.3d 558, 566 (6th Cir. 2012). Again, we will reverse for abuse of discretion only if we are left with the definite and firm conviction that the district court committed a clear error of judgment. A court's failure to explain the rationale for imposing certain conditions of supervised release may result in a procedurally unreasonable sentence. *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007) (recognizing that an explanation so deficient as to defy meaningful appellate review may be procedurally unreasonable). The error will be deemed harmless, however, if the reasons are clear from the record. *Id*. at 563–64; *United States v. Carter*, 463 F.3d 526, 528–29 n.2 (6th Cir. 2006).

Here, although the district court did not explicitly justify the challenged conditions in direct response to Trepanier's objection, the sentencing transcript demonstrates that the court considered the § 3553(a) factors in imposing sentence. R. 61, Sent. Tr. at 19–23, Page ID 289–93. In relevant part, the court considered the seriousness of the offense conduct, calling it "despicable" and "grotesque." The court noted that the trial proceedings had afforded a "vivid" and "disgusting" picture of what happened. The court recognized that Trepanier's offense

conduct contributed to "an exceeding amount of damage" to the youthful victims who are the subjects of the pornographic images. The court viewed the continuing course of criminal conduct by Trepanier, together with his manifest failure to appreciate the seriousness of his conduct and lack of respect for the law, as indicative of a great propensity or likelihood to re-offend. Hence, the court perceived the need to protect the public as a primary purpose of the sentence. The court further considered available options for educational/vocational training, correctional treatment, and medical care before ordering Trepanier to participate in a sexual offender treatment program.

Considering the sentencing hearing as a whole and the contents of the presentence report, to which Trepanier did not object, we find the reasons for the conditions of supervised release imposed by the district court to be obvious and reasonable. The court may be faulted for not giving a better explanation in response to Trepanier's objection, but the record is not so devoid of justification as to frustrate meaningful appellate review. In view of evidence of Trepanier's long history of using child pornography, including images depicting bondage and restraint of minors—conduct for which he showed no remorse—the reasons for prohibiting Trepanier from "loitering" where minors congregate and from possessing pornography of any kind during his term of supervised release are neither mysterious nor unreasonable. The manifest reasons for imposing these conditions are reasonably related to several sentencing factors, including the court's assessment of the seriousness of Trepanier's proven offense conduct, his personal history and characteristics and need for rehabilitation, and the need to deter criminal conduct and protect the public. *See Zobel*, 696 F.3d at 575–76 (upholding these exact anti-loitering and no-pornography conditions as not overbroad and as reasonably related to the sentencing goals of rehabilitation, deterrence and public safety). To the extent the court's explanation of its grounds

for imposing the conditions is deficient, we find any error to be harmless. *See Brogdon*, 503 F.3d at 563–64. Accordingly, we reject Trepanier's procedural unreasonableness challenge.

Trepanier's briefing is not a model of clarity, but he also appears to challenge the substantive reasonableness of these two supervised release conditions. "As is the case with a procedural reasonableness challenge, substantive reasonableness is reviewed for abuse of discretion." *United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) (citation omitted). "A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *Id.* (internal quotation marks omitted). Trepanier seems to argue that these two supervised release conditions are unreasonable because their breadth improperly infringes upon his First Amendment rights to free association and free speech. He is mistaken. Special conditions of supervised release must be reasonably related to various sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter, and the need to protect the public. *United States v. Stepp*, 680 F.3d 651, 671 (6th Cir. 2012); 18 U.S.C. §§ 3553(a), 3583(d)(1). As explained above, the bans on loitering where minors congregate and on possessing all pornography are reasonably related to preventing Trepanier from reoffending and to protecting the public. Therefore, we also reject Trepanier's substantive unreasonableness argument and hold that the district court did not abuse its discretion in imposing these conditions of supervised release.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**