*985 KAREN NELSON MOORE, Circuit Judge,
concurring in part and concurring in the judgment in part.
I concur in the opinion, but I would hold that, although harmless error, the district court’s decision to admit certain aspects of the military tribunal indictment was an abuse of discretion.
Federal Rule of Evidence 403 states that a “court may exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice.” Unfair prejudice results from evidence which tends “to suggest decision on an improper basis, [such as] an emotional one.” United States v. Whittington, 455 F.3d 736, 739 (6th Cir.2006) (internal quotation marks omitted).
The military tribunal indictment states that Odeh “placed explosives in the hall of the SuperSol in Jerusalem^ ] with the intention of causing death or injury.” R. 186-6 (Military Tribunal Indictment) (Page ID #2632). It then states that “[o]ne of the bombs exploded and caused the death of Leon Kannar and Edward Jaffe, May Their Memory Be a Blessing, as well as injuries to a multitude of people.” Id. The first statement — describing Odeh’s actions and intent — does not require redaction. It has considerable probative value and there is little risk of unfair prejudice. The second statement does require redaction. The victims’ names and the prayer have no probative value — they are wholly unnecessary. What is more, the danger of unfair prejudice is significant. The names and the prayer give color and texture to the bombing, so that it becomes both more real and more difficult to separate from the instant offense. They provide exactly the kind of detail likely to provoke a visceral reaction. This is too much for a limiting instruction to overcome. An admissible statement would be that “[o]ne of the bombs exploded and caused the death of [two people], as well as injuries to a multitude of people.” Id.
Although I think this error of admitting into evidence the two names and the prayer rises to the level of an abuse of discretion, I recognize that it is harmless error: given the limited arguments presented to the jury, it was not “more probable than not that the error materially affected the verdict.” United States v. Childs, 539 F.3d 552, 559 (6th Cir.2008) (internal quotation marks omitted); see also United States v. Mackey, 265 F.3d 457, 463 (6th Cir.2001). Therefore, on this issue I concur only in the judgment.