**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 16a0153n.06

**Case No. 15-3642**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 17, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| KENNETH A. PINKNEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE: KEITH, COOK, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Kenneth Pinkney was charged with being a felon in possession of a firearm and ammunition after police found him in the back seat of a vehicle with a stolen gun in between his feet and a box of ammunition hidden under a scarf next to him. While in prison awaiting trial, Pinkney wrote two letters to his brother instructing him to pay the driver of the vehicle to testify that Pinkney never possessed the gun. A jury convicted Pinkney of possessing the ammunition but found him not guilty of possessing the firearm. On appeal, Pinkney raises issues regarding his trial, conviction, and sentence, but his arguments are without merit. We affirm.

**I**

At approximately 10:00 p.m. on May 23, 2014, officers from the Cleveland Police Department initiated a traffic stop on a vehicle for failure to stop at a stop sign. The vehicle was

occupied by three men: defendant-appellant Kenneth Pinkney, seated in the back seat on the driver's side; Kwamaine Davis, Pinkney's brother, seated in the front passenger seat; and Slater Howell III, the driver.

Officer Angelia Gaston approached the vehicle and used her flashlight to illuminate the interior, where she noticed that Pinkney was "wiggling" and "moving a lot." R. 77, Trial Tr. at 260–61, Page ID 607–08. When Gaston illuminated the backseat, she saw a firearm on the floor beneath Pinkney's feet. Gaston yelled "gun," and Davis fled as Gaston and her partner secured Pinkney and Howell. At that point, Gaston observed that the firearm, a 9-millimeter pistol, was under the driver's seat "like if it had been kicked or something." *Id.* at 267, Page ID 614. In addition, the officers found a box of 9-millimeter ammunition with seventeen rounds—a full box holds fifty rounds—hidden under a scarf on the seat next to Pinkney. The police would later find a spent round of ammunition lodged in the barrel of the gun. A grand jury indicted Pinkney for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).

Pinkney initially told Officer Gaston that the gun belonged to Howell (the driver) and that Howell had shoved it under the front seat. Pinkney would later tell Special Agent Derek Graham, of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), that Howell dropped the gun on the floor of the back seat and he then kicked it under the front seat to hide it from the police. Pinkney knew exactly how many rounds (seventeen) were in the ammunition box, he knew that the ammunition was 9-millimeter, and he admitted that he concealed the ammunition when police stopped the vehicle. He also told Graham that he knew the gun was a 9-millimeter and that it wasn't possible to load ammunition in the gun. Graham testified at trial that the police recovered a round of ammunition that was lodged in the firearm which would, as Pinkney had said, prevent loading the gun. In addition, ATF Special Agent

Gregory Bartoe testified that the firearm and ammunition were manufactured outside Ohio and traveled in interstate commerce.

While in prison, Pinkney wrote two letters to his brother, Kwamaine Davis, telling Davis to pay Howell and instruct him to testify that Pinkney never possessed the firearm. Pinkney also asked Davis to set up an account for Howell and deposit at least $20 in it. At trial, Pinkney stipulated that the letters were authentic, and the government agreed to redact information that would reveal Pinkney's incarceration. The district court admitted the letters over Pinkney's objection as evidence of his consciousness of guilt.

Pinkney declined to present any evidence in his defense at trial. The jury returned a verdict of guilty on being a felon in possession of ammunition, but found Pinkney not guilty on possession of the firearm.

At sentencing, the district court found that Pinkney had obstructed justice and had possessed the stolen firearm, warranting two two-point enhancements under the U.S. Sentencing Guidelines (U.S.S.G.). Pinkney obstructed justice by writing letters to his brother instructing him to tell a witness what to say on the stand. As to possession of the firearm, the district court found by a preponderance of the evidence that the events leading to Pinkney's arrest, his knowledge of the firearm, and a number of recorded prison phone calls between Howell and Pinkney indicated that Pinkney possessed the firearm. In these calls, Howell and Pinkney initially discussed having Pinkney take responsibility for the gun, but once it was determined Pinkney would be prosecuted federally, the two discussed Howell taking responsibility for the gun. With the enhancements, the Guidelines range for Pinkney's sentence was 110 to 120 months' imprisonment.

After considering the applicable factors under 18 U.S.C. § 3553(a), including Pinkney's age and mental health, the court imposed a sentence that included 110 months' imprisonment. In imposing a sentence at the low end of the Guidelines range, the court emphasized the need for adequate deterrence and to protect the public, given the "continuing pattern" of Pinkney's criminal history. R. 73, Sentencing Tr. at 22, Page ID 340. The court also considered Pinkney's criminal activity after his indictment, including his attempt to obstruct justice by writing the letters and his attempts to file fraudulent tax returns using stolen personally identifiable information. Pinkney timely appealed.

## II

Pinkney raises four arguments on appeal: (1) the district court erred in denying his request for a mistrial based on allegedly prejudicial statements made by Officer Gaston during her trial testimony; (2) the district court erred in admitting the letters; (3) the evidence was insufficient to sustain his conviction and sentence; (4) the district court erred by imposing a substantively unreasonable sentence and by improperly applying two enhancements to Pinkney's sentence. We reject each in turn.

## A

*Motion for Mistrial.* Pinkney first argues that the district court erred in denying his motion for a mistrial based on two statements made by Officer Gaston at trial. First, when asked whether any other officers wrote reports for the incident, Gaston indicated that her partner wrote a "stolen gun report." R. 77, Trial Tr. at 274, Page ID 621. Second, when asked whether the police recovered other firearms or ammunition, Gaston testified that they did not find anything else but recalled that "there was a bullet hole in the side of the vehicle." *Id.* at 277–78, Page ID 624–25. Pinkney's counsel did not object when Gaston made either statement, but asked for a

mistrial following Gaston's testimony on direct examination by the government. The district court denied the motion for a mistrial, but later gave the jury a limiting instruction to disregard the two statements.

We review the denial of a motion for a mistrial for an abuse of discretion. *United States v. Howard*, 621 F.3d 433, 458 (6th Cir. 2010) (citation omitted). The government asserts that plain error review applies because Pinkney failed to make a contemporaneous objection, but the distinction is immaterial because the district court did not err or abuse its discretion.

To justify a mistrial, a statement must be "so clearly improper and prejudicial to the defendant[] that the harm could not be erased by any instruction which the court might give." *Id.* at 459 (citation omitted). We consider five factors: "(1) whether the remark was unsolicited, (2) whether the government's line of questioning was reasonable, (3) whether the limiting instruction was immediate, clear, and forceful, (4) whether any bad faith was evidenced by the government, and (5) whether the remark was only a small part of the evidence against the defendant." *Zuern v. Tate*, 336 F.3d 478, 485 (6th Cir. 2003) (citing *United States v. Forrest*, 17 F.3d 916, 920 (6th Cir. 1994)).

Based on these factors, it is clear that the district court properly denied Pinkney's motion for a mistrial. Gaston testified she did not include certain statements Pinkney made at his arrest in her report, so the government had reason to ask if any other officers made reports. And Pinkney was on trial for possessing a firearm and ammunition, so the government had reason to ask whether the police found more firearms or ammunition in the vehicle. These questions did not solicit remarks about the gun being stolen or the bullet hole. The two statements were only a small part of the evidence against Pinkney, and there is no evidence of bad faith by the government. Finally, the district court issued a clear and forceful limiting instruction, despite

Pinkney's failure to request one—or even to object to Gaston's statements—and the limiting instruction was sufficient to cure any error. *See United States v. Ursery*, 109 F.3d 1129, 1133 (6th Cir. 1997) ("[E]ven if the evidence was erroneously admitted, the striking of the evidence with instructions to the jury to disregard it will ordinarily cure the error."). Even if there were some risk of prejudice, "'juries are presumed to follow their instructions.'" *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Accordingly, we affirm the district court's decision to deny Pinkney's motion for a mistrial.[1]

**B**

*Admission of Pinkney's Letters.* Pinkney next argues that the district court erred in admitting into evidence the letters where Pinkney instructed his brother to pay Howell to testify in his favor. He claims that, under Fed. R. Evid. 403, the letters' probative value is substantially outweighed by the risk of unfair prejudice. We review Rule 403 determinations for abuse of discretion, *see United States v. Whittington*, 455 F.3d 736, 740 (6th Cir. 2006), maximizing the probative value of the evidence and minimizing its potential prejudice. *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996) (citation omitted).

Pinkney's argument is barely developed in his brief and has no merit. Pinkney asserts that the letters suggested to the jury that his attorney was working with the police, but the reference to "police" was redacted, and Pinkney could not have been prejudiced by information never presented to the jury. He also argues that the letters show he and his attorney were at odds, but in truth all they show is Pinkney's consciousness of guilt and his attempts to tamper with a witness. *See United States v. Poulsen*, 655 F.3d 492, 509 (6th Cir. 2011). Such evidence is

---

[1] Pinkney argues that Gaston's statements were impermissible evidence of "crimes, wrongs, or other acts," and so should not have been admitted under Fed. R. Evid. 404(b). But the district court was "dealing with relevant testimony *mixed with* [allegedly] improper testimony," and accordingly we do not review the statements as "other acts" evidence. *United States v. Hemphill*, 76 F. App'x 6, 9, 15–16 (6th Cir. 2003) (citing *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995); *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982) (per curiam)).

undoubtedly probative, and it is not *unfairly* prejudicial. *See id.* Accordingly, we affirm the district court's decision to admit the letters into evidence.

## C

*Sufficiency of the Evidence.* Pinkney also makes a barebones challenge to the sufficiency of the evidence supporting his conviction and sentence.[2] Pinkney must show that, "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). To obtain a conviction under 18 U.S.C. § 922(g)(1) for being a felon in possession, the government was required to prove that: (1) the defendant had a previous felony conviction; (2) the defendant knowingly possessed the firearm or ammunition; and (3) the firearm or ammunition traveled in or affected interstate commerce. *United States v. Morrison*, 594 F.3d 543, 544 (6th Cir. 2010). Pinkney challenges only the second element of the charged crime, but does no more than point out that no one testified his fingerprints were on the gun or ammunition and that the police did not test them for his DNA.

Again, Pinkney's undeveloped argument has no merit. He pointed out the lack of DNA and fingerprint evidence to the jury at trial, to no avail. And he cites no case requiring fingerprint or DNA evidence to sustain a conviction. *See Morrison*, 594 F.3d at 545–46 (holding "pretty spare" evidence was sufficient to sustain conviction for felon-in-possession despite absence of fingerprints on the gun). Pinkney's counsel even admitted at trial that such evidence was not required to convict him.

---

[2] Pinkney makes separate arguments challenging the sufficiency of the evidence and the district court's denial of his Rule 29 motion for a judgment of acquittal, but "'[a] Rule 29 motion *is* a challenge to the sufficiency of the evidence.'" *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (emphasis added) (quoting *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996)).

Pinkney also ignores the evidence presented by the government at trial and at sentencing. Officer Gaston testified at length about the events leading to Pinkney's arrest, including the location of the gun (beneath Pinkney's feet) and the ammunition (beside Pinkney). Gaston and Special Agent Graham testified about Pinkney's admissions regarding the firearm and the ammunition, including that Pinkney knew the caliber of the gun, the caliber of the ammunition, the exact number of rounds in the ammunition box, and that the gun would not load. This evidence, viewed in the light most favorable to the government, was sufficient to sustain Pinkney's conviction and sentence. *See, e.g.*, *United States v. Walker*, 734 F.3d 451, 456–57 (6th Cir. 2013) (holding evidence was sufficient for possession of a firearm given the defendant's proximity to the firearm and testimony that the defendant disobeyed officers' orders in a manner that suggested he was reaching for the firearm); *Morrison*, 594 F.3d at 544–45 (holding evidence was sufficient for possession of a firearm where the firearm was in the center console of a car and "less than inches" away from the defendant driver).

**D**

Pinkney finally challenges his sentence. He argues that his sentence of 110 months' imprisonment was substantively unreasonable, despite being at the low end of the Guidelines range. He also argues that the district court erred by applying a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) for possession of a stolen firearm and a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice based on Pinkney's letters. We review the reasonableness of a defendant's sentence for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), and the district court's factual findings in applying sentencing enhancements for clear error. *United States v. Stafford*, 721 F.3d 380, 400–01 (6th Cir. 2013).

*Substantive Reasonableness.* For a sentence to be substantively reasonable, the district court must consider the factors set forth in 18 U.S.C. § 3553(a) and arrive at a sentence that is "'sufficient, but not greater than necessary, to comply with'" those factors. *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010) (quoting 18 U.S.C. § 3553(a)). When a sentence is within the Guidelines range, we presume it is substantively reasonable. *Gall*, 552 U.S. at 51.

Pinkney's argument is a bare assertion that a lesser sentence was required because of his age and history of mental health issues. Yet the district court noted both Pinkney's age (twenty-four) and his history of mental health issues at sentencing, and took them into account with the required factors under 18 U.S.C. § 3553. The district court properly balanced Pinkney's mitigating evidence against the other factors, including Pinkney's lengthy criminal history, the need to deter him from future criminal conduct, and the need to protect the public. As such, the district court did not abuse its discretion in imposing a sentence at the low end of the Guidelines range.

*Enhancements.* Nor did the district court err in applying the two sentencing enhancements. Pinkney argues that the district court should not have applied the two-level enhancement for possessing a stolen firearm because he was acquitted of possessing the firearm and there was insufficient evidence that he knowingly possessed it.[3] However, acquitted conduct may support an enhancement when found by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 149 (1997) (per curiam); *see also United States v. White*, 551 F.3d 381, 383–84 (6th Cir. 2008) (en banc). The district court found, by a preponderance of the evidence, that Pinkney knowingly possessed the firearm. As we have already discussed, there was ample evidence presented at trial to support that conclusion, including Pinkney's own admissions about

---

[3] Pinkney does not challenge the district court's finding that the firearm was stolen.

and knowledge of the firearm. Thus, we cannot say that the district court erred in applying this enhancement.

The same goes for the two-level enhancement for obstruction of justice. Pinkney's only argument is that the letters should never have been admitted. We have already rejected that argument; the letters were properly admitted at trial and sentencing, and they include an attempt by Pinkney to pay a witness to testify favorably. Pinkney's conduct falls squarely within one of the examples provided by the Guidelines. *See* U.S.S.G. § 3C1.1 app. (4)(A)–(B). Moreover, the letters, which Pinkney conceded were authentic, were admissible at sentencing even if they were not admissible at trial. *See United States v. Graham-Wright*, 715 F.3d 598, 601 (6th Cir. 2013) ("Sentencing hearings may include evidence otherwise inadmissible at trial so long as the evidence is reliable."). Accordingly, we affirm Pinkney's sentence.

## III

For the foregoing reasons, we find no error and affirm.