RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0281p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

GREGORY LEE HRUBY,

*Defendant-Appellant*.

Nos. 19-6363/21-5451/5490

---

Appeal from the United States District Court for the Eastern District of Kentucky at Lexington.
No. 5:18-cr-00171-1—Gregory F. Van Tatenhove, District Judge.

Decided and Filed:  December 8, 2021

Before:  MOORE, GRIFFIN, and MURPHY, Circuit Judges.

---

## COUNSEL

**ON BRIEF:**  Alex Stewart, NASH MARSHALL, PLLC, Lexington, Kentucky, for Appellant. James T. Chapman, Charles P. Wisdom, Jr., UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

---

## OPINION

---

GRIFFIN, Circuit Judge.

In most criminal cases, the prosecution cannot argue that a defendant is guilty of the charged offense because he committed similar acts in the past.  But child-molestation cases are different.  Under Federal Rule of Evidence 414(a), a court may admit evidence that a defendant previously molested a child to show that he is inclined to molest children.  Rule 414(a)'s only express limitation is that the evidence must be offered on a relevant matter.

Defendant Gregory Lee Hruby asks us to further restrict certain Rule 414(a) evidence. Before his trial on child-molestation charges, he confessed to committing similar acts of child molestation. The district court admitted his confession and the jury convicted. On appeal, he argues that the government should have to corroborate a Rule 414(a) confession before the jury can consider it. Finding no support for a corroboration requirement in the Federal Rules of Evidence or elsewhere, we reject this argument. And because the district court did not otherwise abuse its discretion by admitting Hruby's statements, we affirm.

I.

The Kentucky Department of Criminal Investigations searches social media applications to find people soliciting sex from children. During one of these routine investigations, Detective Heather D'Hondt saw that Hruby, a Texas resident, was advertising himself online as a "[g]randpa looking for open family." According to D'Hondt, "[o]pen family is the concept that parents are sexually active with their children [and] children are sexually active with each other."

Posing as the mother of two girls under the age of twelve, D'Hondt responded to Hruby's advertisement. During the days-long, sexually charged conversation that followed, Hruby made comments that caused D'Hondt to conclude that he had molested a child. The two ultimately decided that Hruby would visit D'Hondt's fictional family and that she would allow him to have sexual contact with her children.

Hruby flew from Texas to Kentucky to meet D'Hondt's children, but police officers arrested him as soon as he landed. After a detective informed him of his *Miranda* rights, Hruby admitted to having had "interactions" with a young girl. According to Hruby, one of his friends "sent" his five-year-old daughter "to bed" with him. Hruby admitted that, for the next seven years, he molested his friend's daughter every few months. After the interview, investigators found child pornography on Hruby's cell phone.

A federal grand jury indicted Hruby on two counts of crossing state lines with the intent to engage in a sexual act with a person who has not attained the age of twelve years, in violation of 18 U.S.C. § 2241(c), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Before trial, the government notified Hruby and the court that it

intended to offer Rule 414(a) evidence, specifically Hruby's messages to D'Hondt regarding his history of child molestations and his post-arrest confession to molesting his friend's daughter. Over Hruby's objection, the district court held that his statements satisfied Rule 414(a)'s conditional-relevancy requirement and admitted them into evidence. The court also rejected Hruby's argument that the statements should be excluded under Rule 403 because their probative value was substantially outweighed by the danger of unfair prejudice. After a three-day trial, the jury convicted Hruby on all charges. Hruby then appealed, arguing that his statements were not admissible under Rule 414(a) and, even if they were, that the district court should have excluded them under Rule 403.

## II.

"We review the district court's decision to admit or exclude evidence for an abuse of discretion," *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015), and will reverse only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment," *United States v. Dixon*, 413 F.3d 540, 544 (6th Cir. 2005) (citation, brackets, and ellipses omitted). "An abuse of discretion occurs when a district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard." *United States v. Cleveland*, 907 F.3d 423, 436 (6th Cir. 2018).

## III.

Evidence of a defendant's prior misdeeds usually cannot be admitted at trial to show his propensity to commit the charged offense. *See* Fed. R. Evid. 404(b). But when the crime charged involves child molestation, Rule 414(a) provides an exception. It says that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 414(a). Under the rule's plain terms then, evidence that a defendant previously molested a child may be admitted in a criminal case if he is accused of child molestation and it is offered on a relevant matter.[1]

---

[1]The rule's definition of "child molestation" sweeps in many crimes, including those listed in 18 U.S.C. chapter 109A (which includes crossing state lines with intent to have sex with a child, 18 U.S.C. § 2241(c)); those

Rule 414(a) evidence, like other similar-acts evidence, "is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988); *see United States v. Norris*, 428 F.3d 907, 913–14 (9th Cir. 2005). A separate rule, Rule 104(b), governs this conditional-relevance inquiry. It states that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist." Fed. R. Evid. 104(b). When examining conditional relevance, the trial court does *not* decide if the defendant committed the similar act or even if the similar act occurred. *See Huddleston*, 485 U.S. at 690. Instead, the court only "examines all the evidence in the case and decides whether the *jury* could reasonably find the conditional fact . . . by a preponderance of the evidence." *Id.* (emphasis added).

The district court adhered to this framework here. After correctly stating the standard, the court reviewed the proposed Rule 414(a) evidence and found that Hruby's admissions were "pretty powerful in terms of reaching that preponderance standard in this particular case." Accordingly, the court held that the jury could reasonably find that Hruby committed the prior child molestations and that it was "appropriate to admit that evidence" under Rule 414(a).

Hruby faults the district court for relying solely on his own statements to make this finding. He contends that Rule 414(a) has a non-textual corroboration requirement when the proffered evidence is a defendant's confession. Put differently, he thinks that his own words were not enough to satisfy Rule 414(a)'s conditional-relevancy requirement and that the government needed to offer "independent" corroborating evidence. Although some of our cases have addressed the admission of similar acts that were independently proven (with, for example, prior convictions, evidence of disciplinary proceedings, or testimony from the alleged victims), *see United States v. Underwood*, 859 F.3d 386, 392–94 (6th Cir. 2017); *United States v. LaVictor*, 848 F.3d 428, 448–50 (6th Cir. 2017); *United States v. Trepanier*, 576 F. App'x 531, 534 (6th Cir. 2014); *United States v. Sanchez*, 440 F. App'x 436, 438–39 (6th Cir. 2011), none can be read to impose a categorical bar against uncorroborated confessions (as Hruby suggests);

---

listed in 18 U.S.C. chapter 110 (which includes possession of child pornography, 18 U.S.C. § 2252(a)(4)(B)); and any other federal or state offense that involves "contact between any part of the defendant's body . . . and a child's genitals" or "contact between the defendant's genitals . . . and any part of a child's body." Fed. R. Evid. 414(d)(2)(A)–(D). Hruby does not contend that his conduct here falls outside this definition.

they merely allowed certain evidence to be admitted under Rule 414(a) or another similar-acts rule. We therefore must consider whether Rule 414(a) itself has a corroboration requirement. We hold that it does not.

Our precedent on another evidentiary rule largely answers this question. A near twin to Rule 414(a) in structure, text, and purpose, Rule 413(a) provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). In *LaVictor*, we addressed and rejected a defendant's argument that testimony from his previous girlfriends regarding sexual assaults he committed against them was improperly admitted because it was "uncorroborated." 848 F.3d at 449. We held that "the testimony of the witnesses need not be explicitly corroborated," because "such a requirement would run counter to the flexible nature of Rule 104(b), which governs the admissibility of testimony that is conditionally relevant." *Id.*

The only difference between Rules 413(a) and 414(a) is the types of crimes covered (sexual assaults versus child molestations). We see no reason to treat these rules differently here. As in *LaVictor*, grafting a corroboration requirement onto Rule 414(a) would "run counter to the flexible nature of Rule 104(b)." *Id.* Relevance—not corroboration—is the only criterion for admissibility. *Id.*; *see also* Fed. R. Evid. 414(a) ("The evidence may be considered on any matter to which it is relevant.").

This conclusion aligns with the decision of the only other federal court of appeals that has squarely considered this issue. In *Norris*, the Ninth Circuit rejected the same confession-corroboration argument we confront today, holding that "[u]nder Rule 414(a), the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required." 428 F.3d at 913. We see no reason to part ways with our sister circuit on this issue.

Hruby also asks us to apply the "corroboration rule," which "says that no one may be convicted of a crime based solely on his uncorroborated confession." *United States v. Brown*, 617 F.3d 857, 860 (6th Cir. 2010). But that is not what happened here. The jury did not convict Hruby of any crime arising out of the child molestations to which he confessed, so the evil

prevented by the corroboration rule—"errors *in convictions* based upon untrue confessions alone," *United States v. Davis*, 459 F.2d 167, 170 (6th Cir. 1972) (emphasis added and citation omitted)—has been avoided.

Hruby concedes that the corroboration rule does not, by its terms, apply to evidentiary rulings, but argues that its underlying policy favors a Rule 414(a) confession-corroboration requirement. We disagree. Our main defenses against false confessions are "[d]evelopments in interrogation law," such as *Miranda* and the requirement that confessions be voluntary. *Brown*, 617 F.3d at 861. Hruby does not argue that these safeguards were violated in his case or that they were insufficient to preserve his rights. Further, the corroboration rule is an ill fit for Rule 414(a)'s conditional-relevance test, under which Hruby's statements need only be sufficient to show that he *committed* the prior acts, not that he could have been *convicted* for committing the prior acts. *See Huddleston*, 485 U.S. at 690. In all, we see no reason to extend the corroboration rule here.

That leaves us with Hruby's fallback argument, which is unrelated to corroboration. He argues that the district court erred in its conditional-relevance analysis because his statements could be interpreted as "puffing," "bragging," or "otherwise intended to convince the listener of [his] experience with unlawful activities." He does not, however, dispute that his statements could also be interpreted as admitting that he committed prior child molestations. In fact, that is likely the better interpretation; it is difficult to see why Hruby would brag to police about molesting a child. Moreover, the district court did not have to find that he committed the acts to which he confessed. Instead, it only had to conclude that a *jury* could find, by a preponderance of the evidence, that he molested his friend's daughter. *See id.* Because his statements could be interpreted as a confession, and given a confession's probative value, *see, e.g., England v. Hart*, 970 F.3d 698, 712 (6th Cir. 2020), the court correctly admitted these statements and left the task of interpreting them to the jury.

Accordingly, the district court's Rule 414(a) ruling was not an abuse of discretion.

IV.

Evidence offered under Rule 414(a) is subject to Rule 403, *Underwood*, 859 F.3d at 393, which allows district courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . undue prejudice[.]" Fed. R. Evid. 403. "Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overruled." *Dixon*, 413 F.3d at 544 (citation omitted). "In reviewing the trial court's decision for an abuse of discretion, the appellate court must view the evidence in the light most favorable to [the government], giving the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) (citation omitted).

Hruby argues that the district court should have excluded his statements under Rule 403 because they were unduly prejudicial. In his view, his prior acts of child molestations were "fundamentally dissimilar" from his charged conduct because they involved "the sustained, hands-on sexual abuse of a minor" whereas "none of [his] crimes of conviction involve actual, physical abuse of a child." He also asserts that the jury likely paid undue attention to the Rule 414(a) evidence because it was "so egregious as to inevitably shock the [conscience] of any jury member." And because Hruby was "never charged nor convicted of the alleged prior acts," he argues that there is a "very great" danger that the jury decided to convict him of his charged crimes out of a sense of retribution rather than a determination of guilt.

The similarity between the Rule 414(a) conduct and the charged conduct forecloses Hruby's Rule 403 challenge. "'[A]dmissible bad acts evidence need not show incidents identical to the events charged, so long as they are closely related to the offense' and 'are probative of intent.'" *United States v. Lieu*, 963 F.3d 122, 129 (D.C. Cir. 2020) (citation omitted). Indeed, we have held that if the charged conduct and the Rule 414(a) conduct are "sufficiently similar," the evidence satisfies Rule 403's balancing test. *Underwood*, 859 F.3d at 393 (citation omitted). The similarity between the two is sufficient here because, in both instances, Hruby arranged with a parent to have a sexual relationship with their child. His commission of the prior acts was therefore probative of what he intended to do when he got to Kentucky: start a long-term, family-like relationship with the two girls and, with their parent's permission, engage in sexual acts with

them. These bad acts also countered his argument at trial that he was just "an old man who would like to be a grandfather." Because the prior conduct was sufficiently similar to the charged conduct and indicative of intent, Hruby's Rule 403 challenge fails. *Id*. ("[I]f the charged conduct and the prior Rule 414 conduct are 'sufficiently similar,' the prejudicial effect of such evidence is outweighed by its probative value.").

"Taking the 'maximal view of the probative effect of the evidence and a minimal view of its unfairly prejudicial effect' and granting the district court 'very broad' discretion," *United States v. Libbey-Tipton*, 948 F.3d 694, 705 (6th Cir. 2020) (citations omitted), the district court's decision to allow Hruby's statements under Rule 403 was not an abuse of discretion.

V.

For these reasons, we affirm the district court's judgment.