**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2358
_____

MARCO POLO CHACON TELLO, a/k/a Marco Chacon, a/k/a Marco Polo


v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

Marco Polo Chacon Tello,
                              Petitioner


_____


On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-594-019)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2013
Before:  JORDAN, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: November 15, 2013)
_____

OPINION
_____

PER CURIAM

Marco Chacon Tello ("Chacon") petitions for review of a final order of the Board

of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ)

denying his application for cancellation of removal.  For the following reasons, we will dismiss in part and deny in part the petition for review.

Chacon is a citizen of Peru.  He was admitted to the United States as a lawful permanent resident in 1992.  In 2005, Chacon pleaded guilty in New Jersey state court to one count of manufacturing, distributing, or dispensing marijuana in violation of N.J. Stat. Ann. § 2C:35-5(a)(1), and in 2012, the Department of Homeland Security charged him with being removable under section 237(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who had been convicted of a controlled-substance offense.  Chacon conceded that he was removable as charged, but applied for cancellation of removal.[1]

On December 13, 2012, an IJ denied all relief to Chacon.  The IJ concluded that Chacon was statutorily ineligible for cancellation of removal because he was unable to satisfy the seven-year-continuous-residence requirement imposed by 8 U.S.C. § 1229b(a).  The IJ went on to conclude that, even if Chacon were eligible for relief, he did not show that he merited a favorable exercise of the IJ's discretion.  See § 1229a(c)(4).  The IJ observed that several factors supported Chacon's application, including his age at the time he arrived in the United States; his years of residency here;

---

[1] Chacon also applied for asylum, withholding of removal, and relief under the Convention Against Torture; the agency denied each of these applications.  Because Chacon's brief does not challenge the agency's decision as to any of those claims, we will not consider them further.  See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

the fact that his parents, brothers, and sisters live in the United States; and his lack of meaningful ties to Peru. On the other hand, the IJ concluded that Chacon's criminal history — which included, in addition to the crime leading to the removal proceedings, convictions for two marijuana offenses, trespass, theft, assault, and violation of probation — his spotty history of employment and paying taxes, and his lack of post-incarceration rehabilitation all militated against granting relief. The IJ noted that this was a "a close case," but ultimately "den[ied] th[e] application in the Court's discretion."

Chacon appealed to the BIA, which dismissed his appeal. The BIA declined to assess Chacon's eligibility for cancellation of removal, and proceeded directly to review the IJ's discretionary ruling. The BIA concluded, "upon a balancing of the appropriate factors, we agree with the Immigration Judge, for the reasons set forth in her decision, that even if the respondent were statutorily eligible for cancellation of removal, such an application should be denied as a matter of discretion." Chacon then filed a timely petition for review.

The government has asked us to dismiss the petition for review on the basis of § 1252(a)(2)(C), which provides that courts shall not have jurisdiction to review final orders of removal against aliens who have been convicted of certain enumerated offenses. We agree with the government that this bar is facially applicable to Chacon, who was found to be removable for having been convicted of a controlled-substance offense covered by § 1227(a)(2)(B); this is one of the offenses listed in § 1252(a)(2)(C) that precludes judicial review. Notwithstanding the existence of this jurisdictional limitation,

3

however, we retain jurisdiction to review "constitutional claims and questions of law." Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005); see also § 1252(a)(2)(D).

Chacon devotes most of his brief to arguing that (a) the IJ erred in concluding that he was ineligible for cancellation of removal because he could not satisfy the continuous-residence requirement; and (b) the IJ and BIA incorrectly weighed the various factors in denying relief as a matter of discretion. Neither of these arguments advances Chacon's cause. As to his eligibility argument, because the BIA did not adopt that part of the IJ's opinion, the issue "is not properly before us." Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007). Chacon's second argument, meanwhile, "amount[s] to nothing more than [a] quarrel[] over the exercise of discretion and the correctness of the factual findings reached by the agency." Cospito v. Att'y Gen., 539 F.3d 166, 170 (3d Cir. 2008). We lack jurisdiction to review such a claim, see § 1252(a)(2)(B), (C), and will therefore dismiss Chacon's petition insofar as it challenges the BIA's discretionary determination.

We do, however, discern two claims over which we have jurisdiction: Chacon contends that the agency applied the incorrect legal standard, in violation of its own authority, by treating his lack of rehabilitation as dispositive and by requiring him to support his application with a showing of "unusual or outstanding equities" due to his criminal history. See Pareja v. Att'y Gen., 615 F.3d 180, 188 (3d Cir. 2010) (ruling that "our jurisdiction . . . is secure" over claims that the agency made its "determination based on an erroneous legal standard" (internal quotation marks omitted)); see also Aburto-Rocha v. Mukasey, 535 F.3d 500, 503 (6th Cir. 2008). In exercising our jurisdiction, we

4

review the decision of the BIA, but "we also look to the decision of the IJ to the extent that the BIA defers to, or adopts, the IJ's reasoning." Patel v. Att'y Gen., 599 F.3d 295, 297 (3d Cir. 2010). We review the agency's legal conclusions de novo. Id.

Chacon first argues that, contrary to its decision in In re Edwards, 20 I. & N. Dec. 191 (BIA 1990), the agency treated his failure to show that he had been rehabilitated as a complete bar to his cancellation request. See id. at 196 (rejecting notion that a "clear showing of reformation is an absolute prerequisite to a favorable exercise of discretion in every case involving an alien with a criminal record"). However, the agency did not unduly rely on any single factor here — as detailed above, the agency carefully weighed both the favorable and adverse factors and concluded that, on balance, Chacon did not warrant a favorable exercise of discretion. Therefore, the agency did not commit legal error in this respect.

Chacon next argues that the agency improperly required him to support his cancellation application with a "heightened showing of unusual or outstanding equities." In In re Sotelo-Sotelo, 23 I. & N. Dec. 201, 204 (BIA 2001), the BIA concluded that it would not apply a threshold test requiring aliens with criminal convictions to show "unusual or outstanding equities," and would instead simply balance the favorable and adverse factors. Chacon's argument, however, is meritless: the IJ specifically stated that Chacon "need not first meet a threshold test of showing unusual or outstanding equities." The IJ's analysis, moreover, was perfectly consistent with this correct statement of the

5

law.  Therefore, we will also deny the petition for review as to this claim.[2]

Accordingly, we will dismiss the petition for review in part and deny it in part.

---

[2] Chacon also filed a motion to supplement his brief, in which he presented an argument concerning <u>Moncrieffe v. Holder</u>, 133 S. Ct. 1678 (2013).  We grant Chacon's motion to supplement, but find his argument based on <u>Moncrieffe</u> unpersuasive.